NOT DESIGNATED FOR PUBLICATION

Nos. 115,996
115,997

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIZABETH K. KUNARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed September 8, 2017. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Marc A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Elizabeth K. Kunard appeals the revocation of her probation. While Kunard does not contest that she violated the terms of her probation orders in her two cases, she does contend the district court erred when it ruled that her drug usage, while she was pregnant, made her dangerous to members of the public according to K.S.A. 2016 Supp. 22-3716(c)(9). In her view, her unborn child cannot be considered a member of the public. Kunard's request to set aside the order revoking her probation ignores the

1

district court's finding that her continued drug usage while on probation was also dangerous to herself. Basically, the court had also decided that her own welfare would not be served by continuing on probation. Such a finding alone is sufficient under the law to revoke her probation and we affirm.

*After accepting Kunard's guilty pleas, the court placed her on probation.*

When Kunard pled guilty, the court sentenced her to an 18-month prison sentence for possession of methamphetamine in the first case, a consecutive 16-month sentence for possession of methamphetamine in her second case, and a consecutive 9-month sentence for possession of a firearm in the second case. The court suspended her prison sentences and placed her on 18-months' probation with the usual conditions, along with an order to refrain from continued drug usage. Kunard did not remain on probation very long.

About a month later, in December 2015, the State asked the court to revoke Kunard's probation for:

- Absconding;
- failing to report;
- failing to enter a substance abuse program;
- failing to pay court costs and fees; and
- failing to complete her community service hours.

The following April, the State filed a second motion to revoke probation based on an allegation that Kunard continued to use illegal drugs. Apparently, Kunard had admitted when she was taken into custody in March that she continued using marijuana, methamphetamine, and Xanax. As a result of this admission, the jail authorities placed her on a "withdrawal protocol" because of concerns for her health. We take this to mean that jail staff watched her closely for drug withdrawal signs and symptoms.

2

When Kunard appeared before the court, she explained her actions. She did not deny violating the terms and conditions of her probation. She told the judge that she had been battling addiction and was an intravenous methamphetamine user. She claimed to have been "clean" (drug-free) since finding out that she was pregnant. At this point, Kunard's attorney stated that Kunard did not know she was pregnant until February 1, 2016. Kunard admitted to using marijuana in late February but denied using methamphetamine then. Unfortunately, in early March 2016, Kunard relapsed and began using drugs again.

After her relapse, Kunard wanted to go to a rehabilitation clinic, but was allegedly told to resolve her warrant before entering rehab. Kunard claimed to have a prescription for Xanax and would soon be switched to taking Ativan instead, but she was taken into custody before meeting with her psychiatrist. She said her psychiatrist was aware that she was pregnant and told her to stop taking Xanax, but Kunard, in order to avoid withdrawal symptoms, did not do so.

After hearing all of this, the district court revoked Kunard's probation and sent her to prison. The judge stated he did not trust her and mentioned how her conduct endangered her unborn child:

> "I don't trust you and, frankly, I think you are a danger to yourself and I think you're a danger to your unborn child. I cannot trust that you based on your track record are going to turn the corner and protect the life of your unborn child. I can't trust that and I won't. I am revoking your probation and I'm giving you over to the custody of the Department of Corrections to serve out the sentences previously imposed. That's the order of the Court that you're a danger to yourself and you're a danger to your unborn child and you're not amendable to probation. You've had more than adequate chances to turn the corner. You picked up another case while you were on probation. I mean, do you understand what that means and how that looks to the Court?"

3

Kunard objected and argued that her unborn child did not meet the statutory definition of a member of the public.

Importantly, the journal entry of the probation revocation sets out two reasons that probation was revoked:

- Kunard was a danger to herself and no longer served by a nonprison sentence; and
- she was a danger to the community due to her drug use while pregnant.

We concentrate on the sufficiency of the first reason.

*Revocation of probation is a matter of district court discretion.*

The rules pertaining to this issue are well established. Once a probation violation has been proved, as it was here, whether probation should be revoked rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Basically, a district court's ability to revoke probation is limited by K.S.A. 2016 Supp. 22-3716(c)(1)(A-E). That law sets out a list of graduated sanctions the court must follow for probation violations. But the district court may revoke probation and impose the underlying sentence without a prior sanction "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." See K.S.A. 2016 Supp. 22-3716(c)(9). This is what the district court did here.

At the probation revocation hearing, the district court was clear that it considered Kunard not amenable to probation and she was a danger to herself. We emphasize that the journal entry for the hearing provides that one reason for revocation was "[Kunard] is

4

a danger to herself and no longer served by a non-prison sentence." Therefore, Kunard is incorrect when she states, "[t]he district court did not find that Ms. Kunard's welfare would not be served by being placed back on probation after an intermediate sanction."

Standing alone, the district court's finding that her welfare would not be served by continuing probation can be a sufficient reason to revoke probation without imposing an intermediate sanction. See K.S.A. 2016 Supp. 22-3716(c)(9); *State v. Hobaugh*, No. 114,803, 2016 WL 3219069, at *1-2 (Kan. App. 2016) (unpublished opinion). We hold that under the circumstances of this case, that finding itself is sufficient to uphold the court's decision to revoke Kunard's probation and send her to prison.

Obviously, the district court could not ignore the fact that Kunard was pregnant. Nor could the court ignore the consequences of her continued drug usage on her own health, *as a pregnant woman*. Those consequences to Kunard's health have nothing to do with whether an unborn child can legally be considered a member of the public. This finding goes to her as a person. The judge clearly said, "you are a danger to yourself . . ." and the judge could not trust her—an admitted drug addict who had suffered a relapse while on probation—to refrain from continued drug use if she was placed on probation again. We find no abuse of discretion in the court's expressions of concern for her welfare here.

The law is clear—Kunard bears the burden of proving an abuse of discretion. See *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015). Because Kunard does not argue the district court abused its discretion with this finding about being a danger to herself, Kunard has not satisfied her burden of proving the court abused its discretion in revoking her probation.

In view of our holding, we need not decide whether Kunard's unborn child can be considered a member of the public as contemplated by K.S.A. 2016 Supp. 22-3716(c)(9).

5

Because the district court's finding satisfies the statutory particularity requirement, we affirm the decision of the district court.

Affirmed.